DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3703
   FAX: (510) 637-3724
   Jonathan.Lee@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-120 HSG (TSH) |
| Plaintiff, | |
| v. | ~~(PROPOSED)~~ **DETENTION ORDER** |
| DANIEL ANDRES SCALLION-MARTINEZ, | |
| Defendant. | |

DETENTION ORDER
CR 20-0120 HSG (TSH)

|   |   |
|---|---|
| 1 | On February 20, 2020, the United States Attorney's Office filed a criminal complaint charging |
| 2 | Defendant as a prohibited person in possession of ammunition.  Dkt. No. 1.  On March 5, 2020, the |
| 3 | Grand Jury returned an Indictment charging Defendant with violating 18 U.S.C. § 922(g)(1) based on |
| 4 | his possession of the ammunition and prior felony convictions.  Dkt. No. 11. |
| 5 | This matter came before the Court on April 13, 2020, for a detention hearing.  Defendant |
| 6 | Scallion-Martinez appeared by telephone, with his consent, as provided by Northern District General |
| 7 | Order No. 74, and was in custody at the time of the hearing.  Defendant was represented by John Paul |
| 8 | Reichmuth of the Federal Public Defender's Office.  Assistant United States Attorney Jonathan Lee |
| 9 | appeared for the government.  The government moved for detention, and the defendant opposed. |
| 10 | Defendant moved for temporary release, and the government opposed.  At the hearing, counsel |
| 11 | submitted proffers and arguments regarding detention. |
| 12 | Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on |
| 13 | the record, the Court finds by clear and convincing evidence that no condition or combination of |
| 14 | conditions will reasonably assure the safety of any other person or the community.  Accordingly, the |
| 15 | defendant must be detained pending trial in this matter. |
| 16 | The present order supplements the Court's findings and order at the detention hearing and serves |
| 17 | as written findings of fact and a statement of reasons as required by Title 18, United States Code, |
| 18 | Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the basis for its |
| 19 | conclusion that no condition or combination of conditions will reasonably assure the safety of any other |
| 20 | person or the community:  Defendant has a prior felony conviction for assault with a firearm, is an |
| 21 | admitted gang member, and was on parole at the time of the instant offense.  Regarding Defendant's |
| 22 | motion for temporary release, based on Defendant's tuberculosis, the Court noted that Defendant's |
| 23 | condition is latent tuberculosis and that Defendant is not undergoing treatment or medication. |
| 24 | Accordingly, the Court found no reason to conclude that Defendant is at an elevated risk of contracting |
| 25 | COVID-19 due to his latent tuberculosis.  For these and all the reasons and discussion on the record, the |
| 26 | Court denied the motion for temporary release and granted the government's motion for detention, |
| 27 | finding that the government carried its burden to demonstrate by clear and convincing evidence that |
| 28 |   |

Defendant poses a danger to the community.  Therefore, the Court therefore concluded that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

DATED: April 14, 2020

HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE